**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

RARITAN MALL, LLC,

                        Plaintiff,

         -against-

UNITED NATIONAL INSURANCE
COMPANY,

                        Defendant.

Civil No. 1:22-cv-06668 (ESK/AMD)

Jury Trial Requested

## JOINT FINAL PRETRIAL ORDER

The following shall constitute the Final Pretrial Order pursuant to Rule 16, Federal Rules of

Civil Procedure. This Final Pretrial Order shall govern the conduct of the trial of this case.

amendments to this Order will be allowed only in exceptional circumstances to prevent manifest

injustice. See Fed. R. Civ. P. 16(e). Counsel are urged to move to amend in a timely fashion any

portion of the Order that must be changed or modified between the filing of the Order and the trial

date.

Plaintiff, Raritan Mall, LLC, ("Plaintiff" or "Raritan Mall") and Defendant, United

National Insurance Company, ("Defendant" or "United National") provide the following Joint

Final Pretrial Order pursuant to this Court's Order dated September 26, 2025:

## APPEARANCES FOR TRIAL COUNSEL:

**A. Attorneys for RARITAN MALL, LLC,**

Lerner, Arnold & Winston, LLP
Frank Winston
Dimitar Atanassov
286 Fifth Avenue, 12th Floor
New York, NY 10001

fwinston@lawpartnersllp.com
datanassov@lawpartnersllp.com

### B. Attorneys for Defendant, United National Insurance Company

Cozen O'Connor
Charles J. Jesuit
1010 Kings Highway South
Cherry Hill, NJ 08034
cjesuit@cozen.com

## I.    JURISDICTION and BRIEF SUMMARY OF THE CASE:

### 1. Jurisdiction

This action is before the Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff Raritan Mall, LLC is a New Jersey limited liability company and all of its members are citizens of New York, New Jersey, and Florida. Defendant United National Insurance Company is a Pennsylvania corporation with its principal place of business in Pennsylvania. Complete diversity exists between the parties, and the amount in controversy exceeds $75,000.

### 2. Brief Summary of the Case

This dispute arises from an insurance claim submitted by Raritan Mall seeking coverage for property damage to its building located in Raritan, New Jersey sustained during Ida on or about September 1-2, 2021, under a commercial property insurance policy, policy number VB1368091, issued by Defendant United National for the policy period October 1, 2020 to October 1, 2021 (the "Policy"). The Policy provides coverage for damage to covered property caused by or resulting from risks of direct physical loss unless the loss is excluded or limited under the Policy.

Plaintiff alleges that its commercial property, particularly the roof, was damaged by wind and wind driven debris during Ida, allowing rainwater to enter the insured premises causing damage. Plaintiff contends that damage to an insured building caused by wind, allowing rainwater to penetrate, amounts to a covered cause of loss under the Policy, and that damage caused by the weight of rain on a roof, causing the roof to fail and allow rainwater to penetrate, amounts to a covered cause of loss under the Policy.

Defendant contends that no covered cause of loss caused damage to the Property during Ida because: (1) damage to the building caused by the inundation of approximately four feet of water due to the overflow of the nearby Raritan River is precluded from coverage under the Policy's "water" exclusion, which excludes loss or damage caused by flood, surface water, or the overflow of any body of water, and (2) any rain that may have entered the interior of the Property during Ida did not enter through damage to the roof caused by wind or any other covered cause of loss as required by the Policy. Defendant contends that the claimed damage to the building's roofing, drainage system, and roof mounted equipment are deficiencies that existed before Ida and were caused by lack of maintenance, long-term exposure and aging, wear and tear, and poor workmanship. Plaintiff contends that Defendant's failure to indemnify Plaintiff for its Ida claim amounts to a breach of the Policy.

2

Plaintiff brought suit alleging claims for breach of contract and bad faith in the Superior Court of New Jersey, Somerset County, on October 7, 2022. The matter was removed to this Court by Defendant on or about November 17, 2022, on the basis of diversity jurisdiction. Plaintiff's bad faith claim was dismissed via stipulation of the parties filed on July 30, 2025 (see ECF Doc. 51) and, therefore, the breach of contract is the only claim that remains.

There are no pending motions at this time. Each party reserves the right to file motions in limine or other trial motions as permitted by the Court's schedule and rules.

## II.    STIPULATED FACTS:

The parties have agreed to the following facts, which require no proof at trial:

a.    Hurricane Ida was a post-tropical storm at the time that it impacted the Raritan, New Jersey area on or about September 1, 2021, bringing a large amount of rainfall to the area.

b.    On that date, Plaintiff Raritan Mall, LLC owned a building located at 166 Orlando Drive, Raritan, New Jersey known as the "Raritan Mall" (the "Property").

c.    The Property is an approximately 115,000 square foot single story L-shaped strip mall constructed in 1985 and consisting of twenty rental units.

d.    The section of the L-shaped building running parallel to Orlando Drive includes 18 smaller units.

e.    The larger section of the building runs perpendicular to Orlando Drive and has two units, including the largest unit of approximately 54,000 square feet known as the "anchor unit."

f.    A Stop & Shop supermarket operated in the anchor unit from approximately 2004 through 2017.

g.    At the time of the Ida storm, the Property was insured under commercial property insurance policy, policy number VB1368091, issued by Defendant United National Insurance Company for the policy period October 1, 2020 to October 1, 2021 (the "Policy").

h.    The Policy provides vacant building coverage and rental value coverage for the Property, subject to the Policy's terms, conditions, and exclusions.

i.    The Policy's vacant building coverage is subject to a limit of insurance of $13,500,000, and a $5,000 deductible. The rental value coverage under the Policy is subject to a limit of insurance of $230,000.

3

    j.    The Property was impacted with flood waters due to the overflow of the Raritan River during Ida.

    k.    By letter dated October 12, 2022, Defendant informed Plaintiff that no coverage was afforded under the Policy for the claimed loss (the "Denial Letter").

## III.    PLAINTIFF'S CONTESTED FACTS:

1.    Plaintiff intends to prove the following contested facts with regard to liability:

    a.    On September 1, 2021, wind and wind blown debris damaged and created openings in the roof of the insured premises, allowing rain to enter and damage the insured premises interior.

    b.    The damages caused by the wind and wind-blown debris, and subsequent entry of rain water, amounts to covered damage under the Defendant policy of insurance.

    c.    The weight of rain on the roof during Ida caused the roof to fail and allowed subsequent entry of rain water, which amounts to covered damage under the Defendant policy of insurance.

2.    Plaintiff intends to prove the following contested facts with regard to damages:

    a.    Portions of the insured premises roof require repairs as a direct result of the claimed damage.

    b.    Portions of the insured premises roof require replacement as a direct result of the claimed damage.

    c.    The interior damage caused by rainwater entering through wind and wind driven debris created roof openings and the failure of the roof includes collapsed ceiling tiles, water-soaked walls and floors, damage to electrical, HVAC equipment and elevators, and remediation arising from the saturation. Multiple units within the mall were flooded or rendered unusable.

    d.    The water damage within the insured premises following September 1, 2021 storm which was above the flood line, was caused by rainwater penetrating the roof openings caused by wind and wind driven debris, and weight of rainwater on the roof.

    e.    The cost to repair the covered damage from Ida is $10,615,976.00 at Replacement Cost and $6,770,428.77 at Actual Cash Value and are summarized in the report of Plaintiff's damages expert Mark Lane.

    f.    It was impossible for Plaintiff to make repairs to the damaged property without Defendant's payment of the Actual Cash Value measure of the damages, and as such its compliance with the Policy requirement to make repairs is excused.

4

IV.    **DEFENDANT'S CONTESTED FACTS:**

1. Defendant intends to prove the following contested facts with regard to liability:

    a.  No coverage is afforded for Plaintiff's claim under the Policy because no covered cause of loss caused Plaintiff's claimed damage to the Property occurring during Ida on September 1, 2021.

    b.  Plaintiff's claimed damage to the Property's roof, including any roof-mounted equipment, was not caused by wind or any other covered cause of loss during Ida.

    c.  Plaintiff's claimed damage to the Property's roof, including any roof-mounted equipment, did not occur within the October 1, 2020 to October 1, 2021 policy period.

    d.  The Property was inundated with approximately four feet of floodwater due to the overflow of the nearby Raritan River as a result of the heavy rainfall during Ida on September 1, 2021.

    e.  The Policy's "water" exclusion precludes coverage for all of the flood damage to the Property caused by the floodwaters on September 1, 2021.

    f.  Wind did not cause any damage or openings to the Property on September 1, 2021, through which rain entered the Property.

    g.  Wind-driven debris did not cause damage to or openings in the roof of the Property through which rain entered the Property during Ida.

    h.  The weight of rain did not cause the roof of the Property to fail or allow rain water to enter and damage the interior of the Property on September 1, 2021.

    i.  Even if rainwater entered the interior of the Property due to weight of rain on the roof on September 1, 2021, this is not a covered cause of loss.

    j.  The claimed damage to the Property's roof, including any roof-mounted equipment, is not covered under the Policy because the claimed damage was caused by deficiencies in the roofing materials, drainage system, and roof mounted equipment caused by a lack of maintenance, long-term exposure and aging, wear and tear, and poor workmanship, all of which are excluded causes of loss under the Policy.

    k.  The claimed damage to the Property's roof, including the roof-mounted equipment, occurred gradually over time and existed before September 1, 2021.

    l.  The claimed damage to the Property's interior from rain during Ida existed before September 1, 2021.

5

2. Defendant intends to prove the following contested facts with regard to damages:

   a. No coverage is afforded under the Policy for Plaintiff's claim and, therefore, Raritan Mall is not entitled to recover any damages in this case.

   b. For purposes of argument only, even if it was found that roof damage and resulting water damage to the interior of the Property from rain were covered under the Policy, which it is not, Plaintiff's alleged costs to repair the damage is greatly inflated because the repair scope is inaccurate.

   c. Plaintiff's expert's costs estimate is for the replacement of the entire interior of the Property above four feet of the finished floor and complete replacement of the roofing system, which includes undamaged areas.

   d. Plaintiff's expert's repair scope also improperly includes items damaged by the flood, which are not covered.

   e. The cost to repair the claimed damage in dispute that occurred during Ida on September 1, 2021, in dispute is $1,017,648.75 at replacement cost value, and $791,576.48 at actual cash value.

   f. The Policy affords coverage on a replacement cost (without deduction or depreciation) basis, but replacement cost will not be paid unless and until the damaged property is actually repaired or replaced.

   g. Here, if Plaintiff prevails on the issue of coverage, it is only entitled to actual cash value payment because Plaintiff has not completed any of the repairs to the Property and it does not intend to ever make the repairs. Plaintiff could have repaired the claimed damage but, instead of doing so, has chosen to pursue its $96.3 million plan to redevelop the property into a new mixed-use 5-story building with approximately 276 apartments. Raritan's redevelopment efforts started well before Ida and the existing Property will be demolished as part of its redevelopment plan.

## V.    WITNESSES and SUMMARY OF TESTIMONY:

**Only the witnesses whose names and addresses are listed herein will be permitted to testify at the time of trial. For each witness listed, there must be a description of their testimony. Any objection to a witness must be noted by opposing counsel and for each such witness objected to, the name of the witness and the reason for the objection shall be given.**

A. Plaintiff's Witnesses and Summary of Their Testimony:

6

1. Plaintiff intends to call the following witnesses with regard to liability and damages and anticipates they will testify as follows:

   a. Leonid Dimentman - Mr. Dimentman is a shareholder of Raritan Mall, LLC. He may testify about 1) his procurement of the subject property, 2) the general condition and occupancy of the property before the loss, 3) his procurement of the Defendant insurance policy at issue 4) his inspections and observations of the roof before the loss, 5) his observations of the events of September 1, 2021, 6) his observations of the damage to the roof and premises following September 1, 2021, 7) his efforts to evaluate damage to particular areas of the premises, 8) his interactions with Defendant following the loss, 9) his retention of public adjuster Ilya Levits following the loss, 10) his post loss inspection of the premises roof following the loss, 11) his retention and communications with vendors to evaluate the Ida damage to all areas of the insured premises, 12) his presentation of the proof of loss, 13) his receipt of Defendant's coverage denial letter, 14) his involvement in the calculation and presentation of damage, and 15) generally issues to which he testified to at his EUO and depositions.

   b. Alexander Casey – Mr. Casey was a property manager for Raritan Mall during the relevant period. He may testify about 1) the general condition and occupancy of the property before the loss, 2) his inspections and observations of the roof before the loss, 3) his observations of the events of September 1, 2021, 4) his observations of the damage to the roof and premises following September 1, 2021, 5) his post loss inspection of the premises roof following the loss, and 6) generally issues to which he testified at his deposition.

   c. William Krouslis – he may testify as to his pre loss inspection of the insured premises.

   d. Donald Witmondt of Artwitt, LLC – Mr. Witmondt is an agent of Artwitt, LLC, a mortgagee which issued a mortgage to Plaintiff for the purchase of the property. His testimony may be concerning the pre-loss condition and inspections of the property.

   e. Ilya Levits – Mr. Levits was a public adjuster for Raritan Mall during the relevant period. He may testify as the insurance claim and the loss suffered by Plaintiff following the events of September 1, 2021, the resulting damage he observed, and his preparation of an estimate of that damage.

   f. Karl Calkin, Sr. of Integrity Roofing & Waterproofing, Inc. – he may testify to his inspections of the insured premises roof, proposals he prepared and repairs he made prior to September 1, 2021.

   g. Vicki Svendsen of SalonCentric- may testify as to SalonCentric occupancy at Raritan Mall and condition of the premises prior to September 1, 2021.

h.  Henry Mandil of HJM International Corp.-may testify as to HJM's occupancy at Raritan Mall and condition of the premises prior to September 1, 2021.

i.  Du Tran of Raritan Nails - may testify as to Raritan Nails occupancy at Raritan Mall and condition of the premises prior to September 1, 2021.

j.  Sravanth Poreddy of Adithi LLC – may testify as to Adithi's occupancy at Raritan Mall and condition of the premises prior to September 1, 2021.

k.  Simon Linetsky – may testify as to his role as a super at the insured premises and actions he took to repair roof leaks prior to September 1, 2021.

l.  Shane Wierks – may testify as to his efforts to market the Raritan Mall space and the condition of the premises prior to September 1, 2021.

m.  Douglas Hamann, Jr. – may testify as to his observations of the premises and condition of the elevators present at time he performed his inspection which was the basis of his October 5, 2021 proposal to repair water damage

n.  Representative of Enterprise Electric, Inc. – may testify as to his observations of the premises and electrical system at time he performed his inspection which was the basis of his September 25, 2021 repair estimate, scope of services and action plan

o.  Representative of ServPro Jeffries Global DRT – may testify as to his observations of the premises and water damage at the time he performed his inspection which was the basis of his September 20, 2021 repair estimate

p.  Representative of Gem Construction and Management Corp. – may testify as to his observations of the premises and roof at the time he performed his inspection which led to his September 27, 2021 proposal

q.  Howard Altschule (expert) – summary of his expected testimony is contained in his previously disclosed report as well as his deposition transcript.

r.  Tony Childress (expert) – summary of his expected testimony is contained in his previously disclosed report as well as his deposition transcript.

s.  Mark Lane (expert) – summary of his expected testimony is contained in his report.

t.  Guy Lagomarsino (expert) – summary of his expected testimony is contained in his report.

u.  Howard Seidenfeld – may testify as to the pre loss condition of the subject property

8

B. Defendant's Objections To Plaintiff's Witnesses:

Defendant sets forth below specific objections to certain witnesses listed by Plaintiff and reserves the right to seek to preclude or limit the testimony of any Plaintiff witness and certain subjects by filing of a motion in limine with the Court.

Ilya Levitis – Defendant objects to testimony Mr. Levitis regarding the cause of damage to the Property and/or the cost to repair damage to the Property on the basis that Mr. Levitis is not qualified to provide opinion on these subjects and has not been disclosed as an expert witness for Plaintiff in this case in accordance with Federal Rule of Civil Procedure 26. Defendant reserves the right to file a motion to exclude Mr. Levitis' opinion testimony with the court. Defendant further objects to his testimony from this witness on the basis that it is improper opinion testimony, cumulative/duplicative, a waste of time, confusing, and unfairly prejudicial.

Shane Wierks – Defendant objects to Mr. Wierks testifying regarding his efforts to market the Raritan Mall units at the Property on the grounds that it is irrelevant and confusing.

Guy Lagomarsio - Defendant objects to Plaintiff's calling Guy Lagomarsino as an expert witness on behalf of Plaintiff in this case as Mr. Lagomarsino was not disclosed as an expert by Plaintiff in accordance with Federal Rule of Civil Procedure 26. Defendant reserves the right to file a motion to exclude Mr. Lagomarsino's expert testimony with the Court. Defendant also objects to Mr. Lagomarsino testifying in this case because his testimony would be cumulative/duplicative, confusing, and unfairly prejudicial because Plaintiff has designated Tony Childress as its engineering expert to opine on cause of damage to the Property.

Douglas Hamann, Jr. – Defendant objects to testimony from this witness on the basis that it is improper opinion testimony, cumulative/duplicative, a waste of time, confusing, and unfairly prejudicial. Defendant also objects to any opinion testimony from Mr. Hamann, including but not limited to, testimony regarding damage to the elevator(s) at the Property, the cause of damage to the elevator(s) at the Property, the scope of repairs for the elevator(s) at the Property, or the costs to repair the elevator(s) as the Property because Mr. Hamann was not disclosed as an expert by Plaintiff in accordance with Federal Rule of Civil Procedure 26.

Representative of Enterprise Electric, Inc. - Defendant objects to testimony from this witness on the basis that it is improper opinion testimony, cumulative/duplicative, a waste of time, confusing, and unfairly prejudicial. Defendant also objects to any opinion testimony from any Representative of Enterprise Electric, Inc. regarding damage to the electrical system at the Property, including but not limited to, testimony regarding the cause of damage to the electrical system at the Property, the scope of repairs to the electrical system at the Property, or the costs to repair the electrical system at the Property because this witness was not disclosed as an expert by Plaintiff in accordance with Federal Rule of Civil Procedure 26.

Representative of ServPro Jeffries Global DRT – Defendant objects to testimony from this witness on the basis that it is improper opinion testimony, cumulative/duplicative, a waste of time, confusing, and unfairly prejudicial. Defendant also objects to any opinion testimony from any Representative of ServPro Jeffries Global DRT regarding damage to the Property, including but not limited to, testimony regarding the cause of damage to the Property, or the scope or cost of repairs to the Property because this witness was not disclosed as an expert by Plaintiff in accordance with Federal Rule of Civil Procedure 26.

Representative of Gem Construction and Management Corp. – Defendant objects to testimony from this witness on the basis that it is improper opinion testimony, cumulative/duplicative, a waste of time, confusing, and unfairly prejudicial. Defendant also objects to any opinion testimony from any Representative of Gem Construction and Management Corp. regarding the roof of the Property, including but not limited to, testimony regarding the cause of damage to the roof of the Property, or the scope or cost of repairs to the roof because this witness was not disclosed as an expert by Plaintiff in accordance with Federal Rule of Civil Procedure 26.

Howard Seidenfeld – Defendant objects to testimony from Mr. Seidenfeld on the basis that it is irrelevant, a waste of time, cumulative/duplicative, confusing, and unfairly prejudicial.

Defendant objects to testimony from any witness regarding United National's handling of the claim.

Defendant objects to testimony from any witness regarding the cause of the claimed damage, other than Plaintiff's designated expert on the cause of the claimed damage, Tony Childress.

Defendant objects to testimony from any witness regarding the amount of Plaintiff's damages, including any proposals and/or estimates of the cost to repair any portion of the claimed damage, from any person or entity other than its designated expert on damages, Mark Lane.

C.  Defendant's Witnesses And Summary of Their Testimony:

1.  Defendant United National intends to call the following witnesses with regard to liability and anticipates they will testify as follows:

| WITNESS | BRIEF SUMMARY OF TESTIMONY |
| --- | --- |
| Beatty, Michael and/or Other Representative(s) of Raritan Center SPE Owner, LLC | Mr. Beatty is expected to testify regarding the sale of the Property to Raritan Mall and the condition and occupancy of the Property at the time of sale to Plaintiff. |

10

| WITNESS | BRIEF SUMMARY OF TESTIMONY |
|---|---|
| Casey, Alexander<br>Bellagio Property Management LLC<br>148 E. 5th St.<br>Bayonne, NJ 07002 | Mr. Casey is expected to testify consistent with his deposition. He will testify regarding Bellagio Property Management, including his role and involvement at Bellagio and with the Property. He will testify concerning the purchase of the Property, inspections of the Property, the condition of the Property before and after September 1, 2021, circumstances surrounding the insurance claim, work performed on the Property before and after September 1, 2021, and occupancy of the Property during Raritan Mall's ownership. |
| Curcio, Alexander and/or Other Representatives of R-T Specialty, LLC<br>2465 Kuser Road, Suite 202<br>Hamilton, NJ 08690 | Mr. Curcio is expected to testify regarding G4S Compliance and Investigations' (G4S) requests to inspect the roofs of the Property during United National's post-policy issuance risk assessment and G4S being denied access to the roofs of the Property for inspection. |
| Dimentman, Leonid<br>72 Beverly Road<br>Staten Island, New York 10305 | Mr. Dimentman is expected to testify in conformity with his deposition testimony. He will testify regarding the allegations in the Plaintiff's operative Amended Complaint and all facts and circumstances surrounding Plaintiff's insurance claim, including . He will also testify regarding the formulation and make-up of Raritan Mall LLC, including his roles/positions with Raritan Mall LLC. He will testify concerning Plaintiff's purchase of the Property, Plaintiff's pre-purchase and pre-loss inspections of the Property, the condition of the Property before and after the claimed loss, work performed on the Property before and after September 1, 2021, and the circumstances surrounding same. He will also testify regarding Plaintiff's original plans for the Property, including efforts to lease units at the Property, the occupancy of the Property during Raritan Mall's ownership. Mr. Dimentman will also testify regarding the claimed damage to the Property Plaintiff alleges was caused by Ida, including his execution of the Sworn Statement in Proof of Loss, Plaintiff's efforts to mitigate the damage, Plaintiff's alleged damages being sought in this case, and Plaintiff's efforts and |

11

| WITNESS | BRIEF SUMMARY OF TESTIMONY |
|---|---|
| | plans regarding the redevelopment of the Property. |
| Calkin, Sr. Karl and/or Karl Calkin, Jr., or Other Representative(s) of Integrity Roofing & Waterproofing, Inc. Representative 3395 N. Dixie Highway, Bay 5 Boca Raton, FL 33431 | Mr. Calkin is expected to testify regarding the condition of the roofs of the Property, communications with Plaintiff regarding the Property's roofs, and roofing work performed by Integrity at the Property prior to September 1, 2021. |
| Cullen, David Maintenance Contractor Dublin Maintenance Contractors 3565 Kennedy Rd. South Plainfield, NJ 07080 T: 908-755-9700 | Mr. Cullen is expected to testify concerning the condition of the Property before and after the claimed loss on September 1, 2021. |
| Shane Wierks or Other Representative(s) of Jeffrey Realty 116 Route 22 North Plainfield, NJ 07060 T: 908-668-9600 | Mr. Wierks is expected to testify regarding the history of the Property, including circumstances regarding past ownership and use, the marketing and sale of the Property, occupancy of the Property, and efforts by Raritan Mall to lease the units at the Property. |
| Khody, Eugene Terra Capital Real Estate Opportunity Fund, LP 148 East 5th Street, Bldg. A Bayonne, NJ 07002 | Mr. Khody is expected to testify regarding his role and involvement with Raritan Mall LLC, the purchase of the Property by Plaintiff, Plaintiff's plans/intentions for the Property, efforts to lease units at the Property, and occupancy of the Property. |
| Krousilis, William and/or Other Representative(s) of Alexander & Schmidt | Mr. Krousilis is expected to testify concerning his inspection of the property as part of United National's post-policy issuance risk assessment, his observations, findings, and recommendations, including that a roof inspection be completed, including communications with United National and Raritan Mall regarding same, the condition of the Property, his photographs, and his November 13, 2020 Risk Assessment Report. |
| Kurtzman, Adam Global Indemnity Group | Mr. Kurtzman is an Executive Underwriter and is expected to testify regarding the |

12

| WITNESS | BRIEF SUMMARY OF TESTIMONY |
|---|---|
| c/o counsel for United National Insurance Company | inspections of the Property during United National's post-policy issuance risk assessment and G4S being denied access to the roofs of the Property for inspection, and communications with Plaintiff's representatives regarding the roof inspection. |
| Levitis, Ilya<br>Disasterstruck Public Adjusters, Inc.<br>1835 E. Hallandale Beach Blvd. #801<br>Hallandale Beach, FL 33009 | Mr. Levitis is Plaintiff's public adjuster and is expected to testify consistent with his deposition. Mr. Levitis is expected to testify regarding his retention and involvement in the insurance claim, his communications with United National, Plaintiff, and non-parties regarding the claim, inspections of the Property, his estimates of damage, and his observations regarding the condition of the Property after the loss. |
| Linetskiy, Simon<br>62 Gateway Drive<br>Staten Island, NY  10304 | Mr. Linetskiy is expected to testify consistent with his deposition testimony. He is expected to testify regarding his involvement with the Property and role working for Raritan Mall. |
| Losinger, Charles, P.E,<br>Stephanie Melvin, Tom Forbes, and/or Other Representative(s) of<br>EBI Consulting and/or Other Persons with knowledge of the December 24, 2019 Property Condition Report<br>EBI Consulting<br>21 B Street<br>Burlington, MA  01803 | Expected to testify regarding their background, experiences, observations, findings, conclusions and recommendations relating to the Property, including but not limited to the condition of the roofs and units at the Property, as reflected in the Property Condition Report dated December 24, 2019t and photographs. |
| Massaro, Robert Jr.<br>Global Indemnity Group<br>c/o counsel for United National Insurance Company | Mr. Massaro is expected to testify regarding the receipt of Plaintiff's claim, and his communications with Plaintiff and Plaintiff's representatives relating to the claim. |
| Mandil, Henry J.<br>HJM International Corp.<br>14 Thames Drive<br>Livingston, NJ | Mr. Mandil is expected to testify concerning the condition of Stop & Shop unit at the Property before the claimed loss, HJM's lease agreement with Raritan Mall, and HJM's planned occupancy and use of the unit. |

| WITNESS | BRIEF SUMMARY OF TESTIMONY |
|---|---|
| Ariq Zehawi, Thomas P. Costello and Paul Wood, Jr. USA Today Network Drone Operators | Mrs. Zehawi, Costello, and Wood are expected to testify regarding their observations of the Property on September 2, 2021, and their recorded video footage of the Property captured via drone on September 2, 2021: https://www.mycentraljersey.com/videos/news/2021/09/02/somerville -nj-flooding-drone-video-hurricane-ida-storm/5697628001/ |
| Moson, David and/or Other Representative(s) of Raritan Center SPE Owner, LLC | Mr. Moson is expected to testify regarding the sale of the Property to Raritan Mall and the condition and occupancy of the Property at the time of sale to Plaintiff. |
| Patterson, Walt and/or Other Representative of G4S Compliance & Investigations | Mr. Patterson is expected to testify regarding his retention to conduct an inspection of the roofing at the Property on behalf of United National as part of its post-policy issuance risk assessment, attempts to schedule his inspection, and being rejected access by Plaintiff and its representatives. |
| Poreddy, Sravanth and/or Other Representative(s) of Adithi LLC 168 Orlando Drive Raritan, NJ 08869 | Expected to testify regarding the condition of leased unit at the Property before and after the claimed loss and occupancy of Adithi LLC. |
| Quinn, Gregory J. Meteorologist Director Rimkus 21002 N. 19th Avenue, Suite 120 Phoenix, AZ 85027 c/o Counsel for United National Insurance Company | Gregory J. Quinn is expected to testify regarding his background, education, qualifications, knowledge, experience, and expertise, and to all matters and opinions contained in his report dated September 16, 2024, including but not limited to the rainfall and wind at the Property during Ida, historical wind conditions at the Property, and opinions in rebuttal to Howard Altschule's March 7, 2022 report. The opinions of Mr. Quinn, what he intends to testify to at trial, and the facts and bases for same are disclosed and summarized within his written report. His testimony will be consistent with his reports, his curriculum vitae, and his deposition testimony. |

14

| WITNESS | BRIEF SUMMARY OF TESTIMONY |
|---|---|
| Rubin, Mark<br>Terra Capital Real Estate Opportunity Fund, LP<br>148 East 5th Street, Bldg. A<br>Bayonne, NJ 07002 | Mr. Rubin is expected to testify regarding his role and involvement with Raritan Mall LLC, the purchase of the Property by Plaintiff, Plaintiff's plans/intentions for the Property; efforts to lease units at the Property, and occupancy of the Property. |
| Shaneberger, Dustin<br>Dineley Claims Services, Inc.<br>PO Box 479<br>Waitsfield, VT 05673<br>c/o Counsel for United National Insurance Company | Dustin Shaneberger is expected to testify regarding his background, education, qualifications, knowledge, experience, and expertise. He will also testify regarding all matters and opinions contained in his report dated September 16, 2024, and estimates attached thereto, including but not limited to the cost to repair Plaintiff's claimed damage to the Property, scope of repair, and opinions in rebuttal to Mark Lane's August 23, 2023 "budget proposal." The opinions of Mr. Shaneberger, what he intends to testify to at trial, and the facts and bases for same are disclosed and summarized within his written report and estimates. His testimony will be consistent with his reports and his curriculum vitae. |
| Sloat, Vincent<br>V.P. Service Operations and/or other Representative of UniTemp HVAC Building Automation Systems<br>26 World's Fair Drive<br>Unit D<br>Somerset, NJ | Mr. Sloat is expected to testify concerning the condition of the HVAC system and its components at the Property. |
| Svendsen, Vicki<br>Salon Centric | Ms. Svendsen is expected to testify regarding the condition of leased unit at the Property before and after the claimed loss and occupancy of Salon Centric. |
| Topping, Roger, P.E.<br>Rimkus Consulting Group, Inc.<br>25 Rockwood Place, Suite 200<br>Englewood, NJ 07631<br>P: 201-368-8551<br>c/o Counsel for United National Insurance Company | Roger J. Topping is expected to testify regarding his background, education, qualifications, knowledge, experience, and expertise. He will also testify as to all matters and opinions contained in his reports dated December 9, 2021, and September 16, 2024, including but not limited to the condition of the Property, his inspection and observations, and photographs taken of the Property. |

| WITNESS | BRIEF SUMMARY OF TESTIMONY |
|---|---|
| | Further, he will testify regarding the cause of the claimed damage to the Property, and his opinions in rebuttal to Tony Childress's May 23, 2022 report. The opinions of Mr. Topping, what he intends to testify to at trial, and the facts and bases for same are disclosed and summarized within his written reports. His testimony will be consistent with his reports, his curriculum vitae, and his deposition testimony. |
| Tran, Du and/or Other Representative of Raritan Nails 168 Orlando Drive Raritan, NJ 08869 | Expected to testify regarding the condition of leased unit at the Property before and after the claimed loss and occupancy of Raritan Nails. |
| Weibel, Harlee Underwriter Global Indemnity Group c/o counsel for United National Insurance Company | Ms. Weibel is expected to testify regarding the inspections of the Property during United National's post-policy issuance risk assessment and G4S being denied access to the roofs of the Property for inspection, and communications with Plaintiff's representatives regarding roof inspection. |
| Wilkinson, Kate Global Indemnity Group c/o Counsel for United National Insurance Company | Ms. Wilkinson is expected to provide testimony regarding all aspects of Plaintiff's claim, United National's investigation of the claim, communications with Plaintiff and Plaintiff's representatives, pre- and post-loss inspections of the Property by United National and/or its consultants, the Policy's coverage, and United National's coverage decision. Her testimony will be consistent with her deposition testimony. |
| Witmondt, Donald or Other representative(s) of Artwit, LLC | Mr. Witmondt is expected to provide testimony consistent with his deposition testimony. He is expected to testify regarding Artwit LLC's involvement in the Property, including the purchase of the Property by Raritan Mall, communications with Raritan Mall regarding the Property, the condition of the Property, occupancy of the Property, and Raritan Mall's plans for development/redevelopment of the Property. |

2.  <u>Defendant United National intends to call the following witnesses with regard to damages and anticipates they will testify as follows</u>:

A. Roger J. Topping, P.E., MSME, HHS, CFI (see above)

B. Gregory J. Quinn, Meteorologist (see above)

C. Dustin Shaneberger (see above)

D.  <u>Plaintiff's Objections To Defendant's Witnesses:</u>

Plaintiff objects to any witness testimony concerning an alleged refusal to allow Defendant inspectors on the roof prior to the policy being written as 1) unduly prejudicial and not probative of any fact at issue in the matter, and 2) inadmissible parol evidence. Defendant could have simply chosen not to write the policy had it not been satisfied with the access provided. The only issues for the jury to decide are whether there was a covered loss under the policy and how the damage should be valued pursuant to the policy loss provisions

Plaintiff objects to any witness testimony concerning Plaintiff's plans for development/redevelopment of the property after its purchase as unduly prejudicial and not probative of any fact at issue in the matter. Plaintiff's plans cannot be used to defeat its right to a replacement cost recovery in this matter.

Plaintiff objects to any witness testimony concerning past ownership and the marketing and sale of the property to Plaintiff as unduly prejudicial and not probative of any fact at issue in this matter. The only issues for the jury to decide are whether there was a covered loss under the policy and how the damage should be valued pursuant to the policy loss provisions

Plaintiff objects to any opinion testimony being provided by Charles Losinger, P.E., of EBI Consulting as he was not named as an expert witness per FRCP §26. Plaintiff further objects to any testimony from Charles Losinger, Stephanie Melvin, Tom Forbes, and/or Other Representative(s) of EBI Consulting and/or Other Persons with knowledge of the December 24, 2019 Property Condition Report as improper opinion testimony, confusing, cumulative, a waste of time, unduly prejudicial, and not probative of any fact at issue in this matter,

Plaintiff objects to the testimony of Ariq Zehawi, Thomas P. Costello and Paul Wood, Jr. USA Today Network Drone Operators regarding the drone footage of the Property on September 2, 2021 as unduly prejudicial and not probative of any fact at issue in the matter. Plaintiff does not dispute that the Property suffered flood damage.

Plaintiff objects to the testimony of Michael Beatty as irrelevant, unduly prejudicial and not probative of any fact at issue in the matter. Plaintiff's plans for the property at the time of purchase, and the acquisition of the property, are irrelevant to any issue in the case.

17

Plaintiff objects to the testimony of Alexander Curcio as irrelevant, unduly prejudicial, not probative of any fact at issue in the matter, and amounts to parol evidence as Defendant could have chosen not to issue the Policy had access to the roof been denied.

Plaintiff objects to the testimony of Eugene Khody as irrelevant, unduly prejudicial, cumulative and not probative of any fact at issue in the matter. Plaintiff's plans for the property at the time of purchase, and the acquisition of the property, are irrelevant to any issue in the case.

Plaintiff objects to the testimony of Mark Rubin as irrelevant, unduly prejudicial, cumulative and not probative of any fact at issue in the matter. Plaintiff's plans for the property at the time of purchase, and the acquisition of the property, are irrelevant to any issue in the case.

Plaintiff objects to that portion of William Krousilis anticipated testimony regarding recommendations that a roof inspection be completed as irrelevant, unduly prejudicial, not probative of any fact at issue in the matter, and amounting to parol evidence. Defendant could have chosen not to issue the Policy had access to the roof been denied.

Plaintiff objects to the testimony of William Kurtzman as irrelevant, unduly prejudicial, not probative of any fact at issue in the matter, and amounts to parol evidence as Defendant could have chosen not to issue the Policy had access to the roof been denied.

Plaintiff objects to the testimony of Walt Patterson as irrelevant, unduly prejudicial, not probative of any fact at issue in the matter, and amounts to parol evidence as Defendant could have chosen not to issue the Policy had access to the roof been denied.

Plaintiff objects to the testimony of Donald Witmondt as irrelevant, unduly prejudicial, cumulative and not probative of any fact at issue in the matter. Plaintiff's plans for the property at the time of purchase, and the acquisition of the property, are irrelevant to any issue in the case.

Plaintiff objects to the testimony of Harlee Weibel as irrelevant, unduly prejudicial, cumulative and not probative of any fact at issue in the matter, and amounts to parol evidence as Defendant could have chosen not to issue the Policy had access to the roof been denied.

Plaintiff objects to the testimony of David Moson as irrelevant, unduly prejudicial, cumulative and not probative of any fact at issue in the matter. Plaintiff's plans for the property at the time of purchase, and the acquisition of the property, are irrelevant to any issue in the case.

Plaintiff objects to the expert testimony of Roger Topping as he is 1) not a structural engineer, 2) not a roofing contractor, and as such has no background in identifying the cause of roof damage

18

## VI.   **EXPERT WITNESSES:**

Any prior Scheduling Order of the court concerning experts is applicable to this action and the directives of the Scheduling Order shall govern expert testimony in this case. Any expert not listed in this portion of the Final Pretrial Order shall not be permitted to testify at the time of trial. Additionally, the curriculum vitae of every expert expected to testify at the time of trial shall be attached to this Final Pretrial Order. The curriculum vitae or summary of the expert's qualifications may be read into the record at the time the expert takes the stand, and no opposing counsel shall be permitted to question the qualifications of the expert unless the basis of the objection is set forth in this Final Pretrial Order. No expert will be permitted to testify at trial unless all opposing counsel have received the curriculum vitae of the expert and the information required by Fed.R.Civ.P. 26(a)(2) as directed in the Scheduling Order. If any hypothetical questions are to be put to an expert witness on direct examination, they shall be written in advance and submitted to the court and counsel prior to commencement of trial.

1. Plaintiff's expert witnesses are:

      A. Howard Altschule

      B. Mark Lane

      C. Tony Childress

      D. Guy Lagomarsino

2. Defendant's objection to the qualifications of plaintiff's expert witnesses are:
(The objections shall be referenced to the name of each listed expert.)

Guy Lagomarsio - Defendant objects to Plaintiff's calling Guy Lagomarsino as an expert witness on behalf of Plaintiff in this case as Mr. Lagomarsino was not disclosed as an expert by Plaintiff in accordance with the Federal Rule of Civil Procedure 26. Defendant reserves the right to file a motion to exclude Mr. Lagomarsino's expert testimony with the court. Defendant also object to Mr. Lagomarsino testifying in this case as his testimony would be duplicative, confusing, and unfairly prejudicial because Plaintiff has designated Tony Childress as its engineering expert to opine on cause of damage to the Property.

Mark Lane - Defendant objects to any testimony from Mark Lane regarding the cause or scope of the claimed damage to the Property because he is not qualified to provide expert opinion on this subject. Defendant reserves the right to file a motion to exclude and/or limit Mr. Lagomarsino's expert testimony with the court.

3. Defendant's expert witnesses are:

      A. Roger J. Topping, P.E., MSME, HHS, CFI

      B. Gregory J. Quinn, Meteorologist

      C. Dustin Shaneberger

19

4. Plaintiff's objections to the qualifications of plaintiff's expert witnesses are:
(The objections shall be referenced to the name of each listed expert.)

      Roger Topping – Plaintiff objects to any testimony from Roger Topping as he is 1) not a structural engineer, 2) not a roofing contractor, and as such has no background in identifying the cause of roof damage

## VII.   **EXHIBITS**

In this section of the Final Pretrial Order, counsel should number each proposed exhibit and upon receipt of the exhibit list of an adversary, opposing counsel should prepare a response to this exhibit list indicating as to each exhibit whether there will be an objection and if there is, the nature of the objection. Absent an extraordinary showing of good cause, **ONLY THE EXHIBITS LISTED BELOW SHALL BE INTRODUCED AT THE TIME OF TRIAL.** You are not required to list exhibits that will be used, if at all, only for impeachment purposes.

Counsel are reminded that each such exhibit shall be physically pre-marked corresponding to the designation below. Copies of exhibit lists shall be provided to the District Judge and the assigned court reporter at the time of trial.

### A.  Plaintiff's Exhibits

Plaintiff plans to introduce the following exhibits listed in the below Table into evidence. Plaintiff reserves the right to introduce exhibits designated by other parties, and to utilize exhibits not designated herein for demonstratives, cross-examination, impeachment, and rebuttal. Plaintiff reserves the right to identify additional exhibits up until the point in time the Court signs this Order. Plaintiff reserves the right to use any exhibits identified on Defendant's exhibit list.

Defendant's objections to the introduction of Plaintiff's exhibits are also set forth in the below Table. Defendant reserves its right to raise any additional objection with regard to the competence, relevance, materiality and admissibility of the information and documents disclosed and/or identified on Plaintiff's Exhibit List, as may be discovered subsequent to the filing of these objections or at trial. Defendant reserves the right to assert additional objections as exhibits are identified and/or offered into evidence, including for lack of foundation, hearsay, and relevance.

| Key Code for Objections | |
|---|---|
| A | Attorney-client privilege |
| R | Relevancy, F.R.E. 401, 402 |
| P | Prejudice or confusion F.R.E. 403 |
| C | Cumulative/duplicative, F.R.E. 403 |
| W | Waste of time, F.R.E. 403 |
| H | Hearsay, F.R.E. 802, 805 |
| F | Foundation, Authenticity, F.R.E. 901 |
| Res | Objection Reserved (not yet seen) |
| O | Improper Opinion Testimony, F.R.E. 701, 702 |

| I | Incomplete or inaccurate (missing or incorrect attachments, missing or incorrect pages, multiple documents, illegible material) |
|---|---|

| Plaintiff Exhibit No. | Defendant Objection |
|---|---|
| P-1: Certified Copy of Insurance Policy No. VB1368091. UNIC_CF004418-4481 | Objection to this version. UNIC-Cert. Policy – 000001 to UNIC-Cert. Policy – 000064 should be used. |
| P-2: Exhibit 4 of Alexander Casey Deposition. Photo of the Property | |
| P-3: Exhibit 6 of Alexander Casey Deposition. November 10, 2020 Contract with Integrity Roofing and Waterproofing. Raritan Mall 000294-295 | F, H, O, I, P |
| P-4: Exhibit 7 of Alexander Casey Deposition. October 21, 2020 letter from Diamond State Group concerning inspections of the property. UNIC_CF000424-425 | F, R, P, W, H |
| P-5: Exhibit 8 of Alexander Casey Deposition. Correspondence in March of 2021 regarding planned renovations to the property. UNIC_UW-000215-000235 | F, R, W, H |
| P-6: Exhibit 9 of Alexander Casey Deposition. September 23, 2021 Estimate by Disasterstruck Public Adjusters regarding work performed on the Property. UNIC_CF001531-1675 | F, R, P, C, W, H, O |
| P-7: Exhibit 11 of Alexander Casey Deposition. September 27, 2021 Estimate by Gem Construction & Management Corp. concerning roofing work to be performed on the property. Raritan Mall 000098 - 000113 | F, R, P, C, W, H, O |
| P-8: Exhibit 12 of Alexander Casey Deposition. September 25, 2021 estimate concerning electrical work to be performed on the property | F, R, P, C, W, H, O |
| P-9: Exhibit 13 of Alexander Casey Deposition. ServPro water mitigation estimate prepared on September 20, 2021. Raritan Mall 000929-934 | F, R, P, C, W, H, O |
| P-10: Exhibit 14 of Alexander Casey Deposition. Pictures of the property. Raritan Mall 000098 | F, R, P, W |

21

| | |
|---|---|
| P-11: Exhibit 3 of Ilya Levits Deposition – September 7, 2021 Levits email to Global Indemnity – DPA – 0104 | H, O, I |
| P-12: Exhibit 5 of Ilya Levits Deposition – September 20, 2021 Levits email to Robert Massaro – UNIC – CF – 001146 | H, O, R, P, I, F |
| P-13: Exhibit 6 of Ilya Levits Deposition – September 27, 2021 Levits email to Robert Massaro – UNIC – CF – 001497 | H, O, R, P, F |
| P-14: Exhibit 8 of Ilya Levits Deposition – pre loss photo of Stop and Shop – no bates number | F, R, P |
| P-15: Exhibit 10 of Ilya Levits Deposition. Sworn Statement in Proof of Loss. DPA-01665 | O, R, P |
| P-16: Exhibit 11 of Ilya Levits Deposition – Disasterstruck Estimate – DPA 1487 – 1631 | F, R, P, C, W, H, O |
| P-17: Exhibit 13 of Ilya Levits Deposition. ServPro September 20, 2021 Reroof Estimate. DPA2022-000014-24 | F, R, P, C, W, H, O |
| P-18: Exhibit 15 of Ilya Levits Deposition – September 17, 2021 email to Robert Massaro – UNIC – CF - 001047 | F, R, P, H, O |
| P-19: Exhibit 16 of Ilya Levits Deposition. January 22, 2022 Damaged Assessment and Engineering Investigation Report Prepared by Optimized Engineering Associated, Corp. Raritan Mall 000547-607 | F, R, P, C, W, H, O |
| P-20: Exhibit 23 of Ilya Levits Deposition. Photos of Plaintiff's Public Adjuster regarding the property and damage, dated October 23, 2021. DPA-00826-886 | F, H, C |
| P-21: Exhibit 24 of Ilya Levits Deposition. Video of water damage to the roof | F, H, P, O |
| P-22: Exhibit 2 of Tony Childress Deposition. Childress CV | H, R |
| P-23: Exhibit 5 of Tony Childress Deposition – Childress report | H, P, C, O |

22

| | |
|---|---|
| P-24: Exhibit 3 of Kate Wilkinson Deposition. Alexander & Schmidt Report prepared on October 20, 2020, prior to the Loss. UNIC_CF-000433-465 | R, P, W, H |
| P-25: Exhibit 4 of Kate Wilkinson Deposition – Diamond State Report of October 21, 2020 – UNIC – CF – 000431 - 000432 | F, R, P, W, H |
| P-26: Exhibit 6 of Kate Wilkinson Deposition. September 10, 2021 email correspondence between Kate Wilkinson and Robert Mossaro regarding roof damage. UNIC_CF-000118-120 | R, P, W, H |
| P-27: Exhibit 7 of Kate Wilkinson Deposition – September 13, 2021 Global Indemnity Letter – UNIC – CF – 000125-128 | R, W, H |
| P-28: Exhibit 10 of Kate Wilkinson Deposition – UNIC – CF – 000143-146 | H, P, O, I |
| P-29: Exhibit 11 of Kate Wilkinson Deposition – Levits email to Massaro – UNIC – CF – 1047 – 1048 | F, R, P, H, O |
| P-30: Exhibit 14 of Kate Wilkinson Deposition – November 17, 2021 Global Indemnity letter – UNIC-CF -2682-2684 | R, W, H |
| P-31: Exhibit 16 of Kate Wilkinson Deposition – Rimkus Invoice – UNIC CF – 3504 – 3509 | A, F, H, P |
| P-32: Exhibit 17 of Kate Wilkinson Deposition – Morgan and Morgan July 5, 2022 letter – UNIC CF 5276- 5279 | F, R, P, H, O |
| P-33: Exhibit 18 of Kate Wilkinson Deposition – FWC Weather Report – UNIC CF – 5305 – 5360 | H, P, C, O |
| P-34: Exhibit 19 of Kate Wilkinson Deposition – CES Engineering Report – UNIC CF 5280 – 5304 | H, P, C, O |
| P-35: Exhibit 21 of Kate Wilkinson Deposition – October 12, 2022 Global Indemnity letter – UNIC CF 5382 – 5388 | C |
| P-36: Exhibit 23 of Kate Wilkinson Deposition – Roger Topping CV | C, R, P, W |

23

| | |
|---|---|
| P-37: January 19, 2021 letter from Diamond State Group to Raritan Mall, LLC. UNIC_CF-000389-90 | F, R, P, W, H |
| P-38: February 3, 2021 letter from Current Electric Contracting LLC. UNIC_CF-000368 | F, R, P, W, H, O |
| P-39: February 18, 2021 letter from Diamond State Group to Raritan Mall, UNIC_CF-000383-84 | F, R, P, W |
| P-40: March 1, 2020 emails between Alexandria Curcio and Harlee Weible. UNIC_CF-000369 | F, R, P, W, H, I |
| P-41: March 4, 2021. Pre-loss Pictures. UNIC_CF-000339-41 | F, R, P, W |
| P-42: September 13, 2021 letter from Global Indemnity Group. UNIC_CF000844-47 | R, W |
| P-43: September 14, 2021 Disasterstruck Public Adjusters claims report regarding roof damage. UNIC_CF000147-157 | F, R, P, W, H, O |
| P-44: September 17, 2021 email from Shaneberger to Massaro regarding what repairs would be necessary. UNIC_CF000143-146 | F, R, P, H, O |
| P-45: October 8, 2021 Report from Shaneberger of Dinley Claims Service, Inc. regarding new wind damage. UNIC_CF001524-1527 | F, H, P, O |
| P-46: October 9, 2020 Loss Control Report. UNIC_CF000426-430 | F, R, P, W, H |
| P-47: October 12, 2022 Denial Letter. UNIC_CF005382-5388 | C |
| P-48: October 14, 2022 Denial Letter. UNIC_CF005389-5396 | C, W |
| P-49: November 8, 2021 Letter from Carrier acknowledging receipt of proof of loss. UNIC_CF000195-198 | F, R, W, P, I |
| P-50: November 16, 2020 Pictures of exterior of the property. UNIC_CF000455 | F, R, C, H, P |
| P-51: November 16, 2020 Pictures of exterior of the property. UNIC_CF000451 | F, R, C, H, P |

24

| | |
|---|---|
| P-52: November 16, 2020 Pictures the roof. UNIC_CF000453 | F, R, C, H |
| P-53: November 16, 2020 Pictures of the roof. UNIC_CF000454 | F, R, C, H, P |
| P-54: November 16, 2020 Pictures of exterior of the nail salon on the property. UNIC_CF000460 | F, R, C, H, P |
| P-55: November 16, 2020 Pictures of the electrical system. UNIC_CF000459 | F, R, C, H, P |
| P-56: November 16, 2020 Pictures of interior of the property. UNIC_CF000456 | F, R, C, H, P |
| P-57: November 16, 2020 Pictures of the roof. UNIC_CF000450 | F, C, R |
| P-58: November 16, 2020 Pictures of the electrical system. UNIC_CF000465 | F, R, W |
| P-59: November 16, 2020 Pictures of the electrical system. UNIC_CF000462 | F, R, W |
| P-60: Bid by Enterprise Electric for electrical work. UNIC_CF001683-1767 | F, R, P, C, W, H, O |
| P-61: October 5, 2021 Estimate by Jersey Elevator. Raritan Mall 000922-928 | F, R, P, C, W, H, O |
| P-62: Underwriter's Inspection Checklist. UNIC_CF000420 | F, R, P, W, H |
| P-63: International Beauty Supply Lease on the property. UNIC_CF001404-1438 | F, R, W, H |
| P-64: Lease on the Property for restaurant. UNIC_CF001093-1099 | F, R, W, H |
| P-65: Lease on the Property for CADC. UNIC_CF001100-1105 | F, R, W, H |
| P-66: Lease on the Property for HJM International. UNIC_CF001106-1116 | F, R, W, H |
| P-67: Lease on the Property for HJM International. UNIC_CF001117-1138 | F, R, C, W, H |

| | |
|---|---|
| P-68: Lease on the Property for Du Tran. UNIC_CF001139-1142 | F, R, W, H |
| P-69: Plaintiff's Public Adjuster estimate and photos. Raritan Mall 000936-001624 | F, R, P, C, W, H, O |
| P-70: Photos of loss by UNIC. UNIC_CF00952-963 | F, C, P |
| P-71: Lease Amendment for Salon Centric. UNIC_CF001441-1445 | F, R, W, H |
| P-72: Pre-loss photo of Stop and Shop. UNIC_CF000182 | F, C, P |
| P-73: Photos taken by Dineley Claims Service, Inc. UNIC_CF001854-2427 | H, O |
| P-74: USLR Second Lease Extension. UNIC_CF001144-1145 | F, R, W, H |
| P-75: USLR Second Lease Extension Letter. UNIC_CF001143 | F, R, W, H |
| P-76: October 28, 2021 email from Andrew Sharer to Roger Topping, Ex. 5 to Roger Topping deposition, Rimkus bates stamp 300 | F, H, R, P, O |
| P-80: Photos 1-34 contained in Childress Engineering Services report | F, H, R, P |
| P-81: Disasterstruck loss photos, DPA 343 – 886 | F, H, C |
| P-82: Disasterstruck loss photos, Raritan Mall 1606 – 1623 | F, H, C |
| P-83: Raritan Mall photos, Raritan Mall 1624 – 1628 | F, R, W |
| P-84: Rimkus bates numbers 22, 23, 26, 27, 30, 32, 33, 34, 35, 38, 39, 40, 41, 42, 45, 46, 52, 55, 56, 57, 58, 59, 60, 62, 63, 65, 66, 68, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 89, 90, 91, 92, 93, 94, 95, 96, 100, 101, 102, 103, 105, 106, 107, 114, 115, 116, 117, 287, 288, 289, 290, 291, 292, 293, 295, 297, 298, 299. 312-938, 973, 1103, 1127 -1146, 1169 - 001188, 1190 - 1211, 1226-1245, 1252 - 1254, 1256, 1257 - 1258, 1639 | R, P, W (Photos 22 through 117) R, C, W (All) |
| P-85: Photo bates stamped DPA 336 | F, C |

26

| | |
|---|---|
| P-86: Ex. 5 – Casey Deposition - December 12, 2021 Integrity Roofing Proposal – Raritan 292 | F, H, O |
| P-87: Ex. 10 - Casey Deposition – October 5, 2021 Jersey Elevator Proposal – Raritan 922 – 927 | F, R, P, C, W, H, O |
| P-88: Videos and recordings in Disasterstruck file bates DPA 327, 337, 338, 339. 340. 341. 342, 1473, 1474, 1475, 1476, 1477, 1478, 1479, 1480 | F, H, R, P, O, I, Res (unable to play several of the video files) |
| P-89: August 20, 2023 report of The Lane Group | H, R, P, C, O |
| P-90: June 16, 2025 Supplemental report of the Lane Group with exhibits A, B and C | H, R, P, I, C, O |
| P-91: Pre loss Photos from Disasterstruck file DPA 312 – 326; 328-329 | F, C, R, P |
| P-92: Disasterstruck loss photos DPA 343 – 886 – Plaintiff will utilize jpegs that match the pdf's produced and bates stamped | F, H, C, R, P, W |
| P-93: Disasterstruck loss photos DPA 1468 – 1472 | F, R, W, C, H, P |
| P-94: Disasterstruck photos DPA 1739 – 1740 | F, R, P, C, H |
| P-95: Plaintiff's Amended Complaint | R (this is not the operative complaint), P, W |
| P-96: Plaintiffs Request to Admit and Defendant's Response | R, W, H |
| P-97 Emails R. Trautman and Kate Wilkenson, C. Jesuit, Esq. – 2/23/22 – UNIC – CF- 005206-005208 | R, W |
| P-98: Childress Photos – Childress Subpoena Responses: CES Docs/Photo/2022-04-28-RED | F, R, W, C, O, P |
| P-99: Childress Photos – Childress Subpoena Responses: CES Docs/Photo/2022-04-28-RED Drone | F, R, W, C, O, P |
| P-100: Childress Photos – Childress Subpoena Responses: CES Docs/Photo/20220428/Photos AK | F, R, W, C, O, P |
| P-101: Childress Photos – Google Earth Photo - CES Docs/Photo/Raritan Mall-01 | F, R, W, C, O, P |

B. Defendant's Exhibits

27

1. Defendant plans to introduce the following exhibits listed in the below Table into evidence. Defendant reserves the right to introduce exhibits designated by other parties, including any exhibits identified on Plaintiff's exhibit list, and to utilize exhibits not designated herein for demonstratives, cross-examination, impeachment, and rebuttal. Defendant reserves the right to identify additional exhibits as permitted by this Court.

Plaintiff's objections to the introduction of specific Defendant exhibits are also set forth in the Table. Plaintiff reserves its right to raise any additional objection with regard to the competence, relevance, materiality and admissibility of the information and documents disclosed and/or identified on Defendant's Exhibit List, as may be discovered subsequent to the filing of these objections or at trial. Plaintiff reserves the right to assert additional objections as exhibits are identified and/or offered into evidence, including for lack of foundation, hearsay, and relevance.

| Key Code for Objections | |
|---|---|
| A | Attorney-client privilege |
| R | Relevancy, F.R.E. 401, 402 |
| P | Prejudice or confusion F.R.E. 403 |
| C | Cumulative/duplicative, F.R.E. 403 |
| W | Waste of time, F.R.E. 403 |
| H | Hearsay, F.R.E. 802, 805 |
| F | Foundation, Authenticity, F.R.E. 901 |
| Res | Objection Reserved (not yet seen) |
| O | Improper Opinion Testimony, F.R.E. 701, 702 |
| I | Incomplete or inaccurate (missing or incorrect attachments, missing or incorrect pages, multiple documents, illegible material) |
| S | F.R.E. 408 (compromise/settlement negotiations) + confidentiality/mediation privilege (as applicable); redact settlement offers/demand language. |

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 1 | Construction Permit - Raritan Shopping Center Stop & Shop | 1/23/2003 | Raritan Mall 000118 | | F, R, P, W, H, O |
| 2 | Technical Cards - Raritan Shop Ctr. Stop & Shop | 1/24/2003 | Raritan Mall 000119 to 000122 | | F, R, P, W, H, O |

28

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 3 | EBI Consulting letter to Avner Husen, Fortress Credit Advisors LLC re: Property Condition Report, Raritan Shopping Center. | 12/24/2019 | Artwit-000001-6 | Dimentman Ex. 19 | F, R, P, W, H, C, O |
| 4 | EBI Consulting Report | 12/24/2019 | JLL_000 001-90 | | F, R, P, W, H, C, O |
| 5 | PARTNER Engineering and Science, Inc. Phase I Environmental Site Assessment Report prepared for Fortress Credit Advisors, LLC | 3/20/2020 | DPA2022-000111-001440 | IlyaLevitis_17 | F, R, P, W, H, C, O |
| 6 | Ten-X Cover Letter and Contract Package | 6/25/2020 | DPA-00276-00311 | Casey Exhibit-3 | F, R, P, W, H, C |
| 7 | Summit Capital Partners, L.P. letter to Lenny Dimentman, sent via email. | 9/3/2020 | Artwit-000008-13 | Dimentman Ex. 18 | F, R, P, W, H, C |
| 8 | Letter to Lenny Dimentman from Summit Capital Partners, L.P. With Term Sheet (signed) | 9/9/2020 | Artwit-000014-000019 | DonaldWit mondt_6 | F, R, P, W, H, C |
| 9 | Global Indemnity Group, Inc. Certified Copy of Policy Number VB1368091 Raritan Mall LLC | 10/1/2020 | UNIC-Cert. Policy -000001-000064 | IlyaLevitis_22 and Dimentman Ex. 5 | no objection. |
| 10 | Executed HUD - Closing Statement dated October 1, 2020 | 10/2/2020 | Raritan Mall 000227 to 000229 | | no objection as to title portion of closing statement, objection to information about price – F, R, H, P |

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 11 | Mortgage, Security Agreement and Absolute Assignment of Rents and Leases | 10/6/2020 | Artwit-000056-000069 | DonaldWitmondt_7 | F, R, P, W, H, C, I |
| 12 | Alexander & Schmidt Report | 10/20/2020 | UNIC_UW-000305-000337 | SimonLinetskiy_4 | the report will need to be partially redacted to account for F, H and R |
| 13 | Letter from William Krouslis to Alexander Casey | 10/21/2020 | UNIC CF-000424-000425 | Casey Exhibit-7 | no objection |
| 14 | Letter from William Krouslis, Loss Control Consultant, to Alexander Casey, Raritan Mall LL. | 10/21/2020 | UNIC_CF-000431-000432 | WILKINSON.EXHIBIT4 | is the same exhibit as 13, no objection. |
| 15 | Conceptual Design Presentation | 10/23/2020 | | | R,P,C |
| 16 | Conceptual Design Presentation.pdf | 10/23/2020 | | | R,P,C |
| 17 | Integrity Roofing & Waterproofing Inc. Proposal and Contract | 11/10/2020 | Raritan Mall 000294-000295 | Casey Exhibit-6 | F, H, O, R/P |
| 18 | Integrity Roofing & Waterproofing Proposal and Contract | 11/10/2020 | | | F, H, O, R/P |
| 19 | Integrity Roofing & Waterproofing Proposal and Contract | 11/10/2020 | | | F, H, O, R/P |

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 20 | Email exchange - Diamond State Group, G4S Compliance & Investigations, Alexander Schmidt re: roof inspection. | 11/13/2020 | UNIC_UW-000288-289; UNIC_UW-000253 | | F, H, O, R/P |
| 21 | Emails between W. Patterson, B. Andrews, and H. Weible re roof inspection | 11/13/2020 | UNIC_CF-000422 | | F, W, C, R, P, H |
| 22 | Alexander & Schmidt Risk Assesement Report | 11/13/2020 | UNIC_UW-000305-337 | | R, P, H, C, W, F. |
| 23 | Email from Donald Witmondt to Michael Schweitzer | 11/16/2020 | Artwit-000090 | DonaldWitmondt_11 | F, C, R, P, W, H |
| 24 | Email from H. Weible to A. Kurtzman | 11/16/2020 | UNIC_CF-000419 | | F, C, R, P, W, H |
| 25 | Inspection Checklist Form | 11/16/2020 | UNIC_CF-000420-000421 | | F, C, R, P, W, H |
| 26 | Email from Harlee Weible to Kevin Muller | 11/17/2020 | UNIC_UW-000288-000289; UNIC_CF-000416-000417 | SimonLinetskiy_5 | F, C, R, P, W, H |
| 27 | Emails between H. Weible and W. Patterson | 11/17/2020 | UNIC_CF-000413 | | F, C, R, P, W, H |
| 28 | Emails between H. Weible and W. Patterson | 11/17/2020 | UNIC_CF-000414 | | F, C, R, P, W, H |

31

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 29 | Letter from W. Krouslis to Raritan Mall | 11/18/2020 | UNIC_C F-000411-000412 | | no objection. |
| 30 | Email from D. Wittmondt to L. Dimentman with December 1, 2020 EcolScience Inc. Letter | 12/1/2020 | Artwit-000218-000221 | DonaldWit mondt_12 | F, C, R, P, W, H |
| 31 | Integrity Roofing & Waterproofing Inc. Proposal and Contract | 12/21/2020 | Raritan Mall 000292-000293 | Casey Exhibit-5 and Linetskiy Ex. 3 | no objection. |
| 32 | Emails between Adam Kurtzman and H. Weible | 2/18/2021 | UNIC_C F-000374 | | F, C, R, P, W, H |
| 33 | Email from H. Weible to A. Curcio | 2/23/2021 | UNIC_C F-000373 | | F, C, R, P, W, H |
| 34 | Email chain between W. Patterson and A. Casey | 2/25-26/2021 | UNIC_C F-000356 | | F, C, R, P, W, H |
| 35 | Email chain between A. Curcio and H. Weible | 3/1/2021 | UNIC_C F-000369-000372 | | F, C, R, P, W, H |
| 36 | Email from Alexandria Curcio to Harlee Weible | 3/3/2021 | UNIC UW-000215-000235 | Casey Exhibit-8 | F, C, R, P, W, H |
| 37 | Email from H Weible to W. Patterson of G4S | 3/22/2021 | UNIC_C F-000333 | | F, C, R, P, W, H |
| 38 | Survey Raritan Shopping Center | 3/30/2021 | Artwit-000255 | DonaldWit mondt_22 | F, C |

32

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 39 | Email from Steven Katz to Donald Witmondt, Wayne Zuckerman, Jeffrey Garfinkel, and Andrew Zuckerman | 4/13/2021 | Artwit-000092 | DonaldWitmondt_13 | F, C, R, P, W, H |
| 40 | Raritan Mall Residential Concept Plan | 4/26/2021 | Artwit-000252-000253 | DonaldWitmondt_20 | F, C, R, P, W, H |
| 41 | JM Sorge Technical Memorandum to Jeffery Garfinkel, The Sterling Properties Group, LLC from Peter Sorge, J.M. Sorge | 5/5/2021 | Artwit-000125-000135 | DonaldWitmondt_14 | F, C, R., P, W, H, O |
| 42 | Email from Donald Witmondt to Lenny Dimentman | 6/28/2021 | Artwit-000151-000153 | DonaldWitmondt_15 | F, C, R, P, W, H |
| 43 | Letter from Jake Schulman, PE to New Jersey Department of Environmental Protection | 6/28/2021 | Artwit-000149-000150 | DonaldWitmondt_16 | F, C, O, R, P, W, H |
| 44 | Email from Jim Woods to Donald Witmondt | 7/1/2021 | Artwit-000156-000160 | DonaldWitmondt_17 | F, C, O, R, P, W, H |
| 45 | Letter from Dean Marchetto, FAIA to Lenny Dimentman | 7/13/2021 | Artwit-000162-000165 | DonaldWitmondt_18 or Dimentman Ex. 17 | F, C, O, R, P, W, H |
| 46 | Email from Wayne Zuckerman to Lenny Dimentman | 8/9/2021 | Artwit-000169 | DonaldWitmondt_19 | F, C, R, P, W, H |
| 47 | August 10, 2021 Lease Agreement between Raritan Mall and HJM International | 8/10/2021 | Raritan Mall 000320 to 341 | | F, R, P, W, H, I |

33

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 48 | CoCoRaHS Mapping System and Daily Precipitation Report | 9/2/2021 | n/a | Exhibit Altschule-6 | F, H, R, P, I |
| 49 | CoCoRaHS Mapping System and Daily Precipitation Report | 9/2/2021 | n/a | Exhibit Altschule-7 | F,H, R, P, I |
| 50 | Series of aerial photos from NJ.com. | 9/2/2021 | | | F, C, R, P, W, H |
| 51 | Mycentraljersey.com article and embedded video re: Drone footage of flooding: https://www.mycentraljersey.com/videos/news/2021/09/02/somerville-nj-flooding-drone-video-hurricane-ida-storm/5697628001/ | 9/2/2021 | n/a | | F, C, O, R, P, W, H |
| 52 | Email from Steven Katz to Lenny Dimentman, Mark Rubin, and Eugene Khody | 9/4/2021 | Artwit-000261 | DonaldWitmondt_10 | F, C, O, R, P, W, H |
| 53 | Note and Mortgage Modification Agreement between Raritan Mall, LLC and Artwit LLC | 9/4/2021 | Artwit-000171-000180 | DonaldWitmondt_8 | F, C, R, P, W, H |
| 54 | Public Adjuster Retainer Agreement. | 9/7/2021 | DPA - 01015 | Dimentman Ex. 7 | F, C, R, P, W, H |
| 55 | Email Ilya Levitis to Claims at Global Indemnity | 9/7/2021 | DPA - 01014 | Dimetman Ex. 6 | F, H, R, P |
| 56 | Email Ilya Levitis to Global Indemnity Claims | 9/7/2021 | | | F, H, R, P |
| 57 | Removed | 9/8/2021 | | | need bates to review. |

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 58 | Email from I. Levitis to R. Massaro with PA Contract | 9/9/2021 | UNIC_CF-000818-000819 | | no objection to email, objection to contract F,C, R, P, W |
| 59 | Email chain between R. Massaro and D. Shaneberger | 9/9/2021 | UNIC_CF-000825-000827 | | F, C, R, P, W, H |
| 60 | Email Robert Massaro Jr. to Dustin Shaneberger | 9/10/2021 | UNIC_CF-000121-123 | Dimentman Ex. 8 | F, C, R, P, W, H |
| 61 | Email from Robert Massaro Jr. to Dustin Shaneberger | 9/10/2021 | UNIC_CF-000121-000123 | IlyaLevitis_4 | F, C, R, O, P, W, H |
| 62 | Email from Kate Wilkinson to Robert Massaro Jr. | 9/10/2021 | UNIC_CF-000118-000120 | WILKINSON.EXHIBIT6 | F, C, P, O, R, W, H |
| 63 | Letter from Robert V. Massaro, United National Insurance Company, to Raritan Mall | 9/13/2021 | UNIC_CF-000125-000128 | WILKINSON.EXHIBIT7 | F, C, O, P, W, H |
| 64 | Email from Robert Massaro Jr. to Kate Wilkinson | 9/13/2021 | UNIC_CF-000124 | WILKINSON.EXHIBIT8 | F, C, O, P, W, H |
| 65 | Email from I. Levitis to GBLI Claims | 9/13/2021 | UNIC_CF-000849-000850 | | F, H |
| 66 | Letter from R. Massaro to Raritan Mall | 9/13/2021 | UNIC_CF-000130-000133 | | F, C, O, P, W, H |

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 67 | Removed | 9/14/2021 | DPA-01487-01631 | IlyaLevitis_11 | no objection. |
| 68 | Eagle View Report of Raritan Mall Roof from I. Levitis | | UNIC_CF-000147 - 000157 | | no objection. |
| 69 | Eagle View Report of Raritan Mall Roofs from I. Levitis | | UNIC_CF-000169 - 000179 | | no objection. |
| 70 | Emails between K. Wilkinson and D. Elliott with photos | 9/16/2021 | UNIC_CF-000939-000940 | | F, C, O, R, P, W, H |
| 71 | Dineley Claims Services, Inc. - Photographs | 9/16/2021 | UNIC_CF-001854-002305 | | Objection to captions, F, C, O, R, H, P |
| 72 | Removed | 9/17/2021 | UNIC_CF-001047-001048 | WILKINSON.EXHIBIT11 | no objection. |
| 73 | Removed | 9/17/2021 | UNIC_CF-001051-001053 | WILKINSON.EXHIBIT12 | H, R |
| 74 | Removed | 9/17/2021 | UNIC_CF-001072-001075 | WILKINSON.EXHIBIT13 | H, R |
| 75 | Email from Dustin Shaneberger to Robert Massaro Jr. | 9/18/2021 | UNIC_CF-000180-000181 | IlyaLevitis_7 | F, C, O, R, P, W, H |

36

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 76 | Email from Ilya Levitis to Robert Massaro Jr. | 9/20/2021 | UNIC_CF-001146-001147 | IlyaLevitis_5 | F, H. |
| 77 | Removed | various dates | UNIC_CF-001148-001152 | | no objection. |
| 78 | Removed | 9/20/2021 | | | no objection. |
| 79 | Email from A. Casey to L. Dimentman re leases | 9/22/2021 | UNIC_CF-001398-001400 | | F, H |
| 80 | Lease Document | | UNIC_CF-001349-001388 | | F, R, P, W, H, I, C |
| 81 | Lease Document | | UNIC_CF-001389-001395 | | F, R, P, W, H, I, C |
| 82 | Lease Document | | UNIC_CF-001396-001397 | | F, R, P, W, H, I, C |
| 83 | Lease Document | | UNIC_CF-001401-001403 | | F, R, P, W, H, I, C |
| 84 | Lease Document | | UNIC_CF-001404-001438 | | F, R, P, W, H, I, C |
| 85 | Lease Document | | UNIC_CF-001439 | | F, R, P, W, H, I, C |

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 86 | Lease Document | | UNIC_C F-001440 | | F, R, P, W, H, I, C |
| 87 | Lease Document | | UNIC_C F-001441-001445 | | F, R, P, W, H, I, C |
| 88 | Lease Document | | UNIC_C F-001446 | | F, R, P, W, H, I, C |
| 89 | Lease Document | | UNIC_C F-001447-001448 | | F, R, P, W, H, I, C |
| 90 | Lease Document | | UNIC_C F-001449-001459 | | F, R, P, W, H, I, C |
| 91 | Lease Document | | UNIC_C F-001460-001481 | | F, R, P, W, H, I, C |
| 92 | Emails between K. Wilkinson and D. Shaneberger | 9/23/2021 | UNIC_C F-001486-001488 | | F, C, O, R, P, W, H |
| 93 | Removed | 9/23/2021 | Raritan Mall 000935-001079 | Casey Exhibit-9 | no objection, duplicate of previous exhibit. |
| 94 | Removed | 9/24/2021 | | | need to see document. |
| 95 | Email Ilya Levitis to UNIC Claims, Robert Massaro | 9/27/2021 | UNIC_C F-001497-1500 | Dimentman Ex. 9 | F, H. |

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 96 | Email from Ilya Levitis to Robert Massaro Jr. | 9/27/2021 | UNIC_CF-001497-001499 | IlyaLevitis_6 | F, H |
| 97 | Letter | 10/1/2021 | | Topping Ex. 9 | no objection. |
| 98 | Unitemp HVAC Quote No. UTP21-544 A | 10/6/2021 | | | F, H, O, R, W |
| 99 | Unitemp HVAC Quote No. UTP21-544 B | 10/6/2021 | | | F, H, O, R, W |
| 100 | Unitemp HVAC Quote No. UTP21-544 C | 10/6/2021 | | | F, H, O, R, W |
| 101 | Unitemp HVAC Quote No. UTP21-544 D | 10/6/2021 | | | F, H, O, R, W |
| 102 | Dineley Claims Services, Inc. - First Report | 10/8/2021 | UNIC_CF-001524-1527 | | F, O, H, W, R, P. |
| 103 | Letter C. Jesuit to Raritan Mall re EUO and Document Requests | 10/12/2021 | UNIC_CF-002439-002444 | | F, H, O, W, R, P |
| 104 | Executed Sworn Statement in Proof of Loss | 10/22/2021 | DPA-01665 | IlyaLevitis_10 | no objection. |
| 105 | Disasterstruck Public Adjusters Inc photographs | 10/23/2021 | DPA-00826-00886 | IlyaLevitis_23 | no objection. |
| 106 | Email from Lenny Dimentman to Mark Rubin | 10/26/2021 | Artwit-000262-000263 | DonaldWitmondt_23 | F, H, O, R, P, W |

39

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 107 | Email from Donald Witmondt to Lenny Dimentman and Kimberly Suazo | 11/2/2021 | Artwit-000316-000318 | DonaldWitmondt_9 | F, O, R, P, W, H |
| 108 | R. Massaro letter to Raritan Mall | 11/8/2021 | UNIC_C F-000191-000194 | | F, H, O, P, R, W. |
| 109 | Letter from K. Wilkinson to Raritan Mall | 11/17/2021 | UNIC_C F-002682-002684 | WILKINSON.EXHIBIT14 | F, H, O, R, P, W |
| 110 | Report of Roger Topping | 12/1/2021 | | Topping Ex. 2 | H, C, O. |
| 111 | Google maps | 12/7/2021 | n/a | Casey Exhibit-4 | F, H |
| 112 | Aerial photo | 12/7/2021 | | Dimentman Ex. 3 | F, H |
| 113 | Email Ilya Levitis to Kate Wilkinson, Charles Jesuit, Esq. | 12/15/2021 | UNIC_C F-003305-003310 | Dimentman Ex. 11 | F, H, |
| 114 | Dineley Claim Services, Inc. - Fifth Status Report | 12/29/2021 | UNIC_C F-003511-003512 | | F, H, O, R, P, W |
| 115 | Letter from C. Jesuit to Raritan Mall | 12/31/2021 | UNIC_C F-003709-003711 | | F, H |
| 116 | Dineley Claims Services, Inc. - Status Report | 1/24/2022 | UNIC_C F-004312-004313 | | R, P, W, H |

40

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 117 | Email chain between K. Wilkinson and I. Levitis | Jan.-Feb. 2022 | UNIC_CF-004319-4322 | | S |
| 118 | Email from Ilya Levitis to Kate Wilkinson | 2/1/2022 | UNIC_CF-004377-004381 | IlyaLevitis_18 | S |
| 119 | Email from Ilya Levitis to Kate Wilkinson | 2/4/2022 | UNIC_CF-004391-004392 | IlyaLevitis_19 | S |
| 120 | Email from I. Levitis to K. Wilkinson | 2/4/2022 | UNIC_CF-004393 | | S |
| 121 | Public Adjuster's Retainer Agreement between Raritan Mall LLC and Ilya Levitis | 2/14/2022 | DPA-01738 | IlyaLevitis_1 | F, R, P, W, H |
| 122 | Dineley Claim Services, Inc. - Report | 2/18/2022 | UNIC_CF-004402-004403 | | F, C, O, R, P, W, H |
| 123 | Email exchange between I. Levitis, L. Dimentman, and K. Wilkinson | 2/23/2022 | UNIC_CF-004405-004406 | IlyaLevitis_21 | S |
| 124 | R. Trautmann email to K. Wilkinson with letter to United National | 2/23/2022 | UNIC_CF-005206-005208 | | no objection. |
| 125 | Email chain between R. Massaro and Rampart Insurance | various dates | UNIC_CF-000207-000210 | | F, C, O, R, P, W, H |

41

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 126 | Forensic Weather Consultants Invoice to Robert Trautmann | 3/10/2022 | n/a | Exhibit Altschule-3 | F, C, O, R, P, W, H |
| 127 | Dineley Claims Services, Inc. - Report | 3/22/2022 | UNIC_C F-005219 | | F, C, O, R, P, W, H |
| 128 | Dineley Claims Services, Inc. Report | 4/19/2022 | UNIC_C F-005221 | | F, C, O, R, P, W, H |
| 129 | C. Jesuit letter to R. Trautman. | 5/24/2022 | | | F, C, O, R, P, W, H |
| 130 | Email from R. Trautmann to C. Jesuit | 6/20/2022 | UNIC_C F-005253-005256 | | F, C, R, P, W, H |
| 131 | Letter from Robert T. Trautmann, Esq. to Kate Wilkinson | 7/5/2022 | UNIC_C F-005276-005279 | WILKINSON.EXHIBIT17 | must redact last paragraph S |
| 132 | Van Cleef Engineering Associates Report, Preliminary Investigation. | 8/22/2022 | n/a | Dimentman Ex. 14 | F, C, O, R, P, W, H |
| 133 | Emails R. Trautman and Kate Wilkenson, C. Jesuit, Esq. | 9/15/2022 | UNIC_C F-005370-5373 | | no objection. |
| 134 | Email from Kate Wilkinson to Roger J. Topping | 9/25/2022 | UNIC_C F-005274-005275 | WILKINSON.EXHIBIT20 | F, C, R, P, W, H |
| 135 | Removed | 10/5/2022 | UNIC_C F-005375-005376 | WILKINSON.EXHIBIT22 | H |

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 136 | Email chain between R. Trautmann and K. Wilkinson | May - October 2022 | UNIC_CF-005378-005381 | | no objection. |
| 137 | First Amended Complaint - Raritan Mall v. UNIC | 10/11/2022 | | Dimentman Ex. 2 | No objection |
| 138 | Aerial photo - mycentraljersey.com | 10/12/2022 | n/a | Dimentman Ex. 15 | F, C, R, P, H |
| 139 | Letter from R. Massaro to Raritan Mall re coverage determination | 10/12/2022 | UNIC_CF-005382-005388 | WILKINSON.EXHIBIT21 | no objection. |
| 140 | Mailed letter from R. Massaro to Raritan Mall | 10/14/2022 | UNIC_CF-005389-005396 | | no objection. |
| 141 | Email from Donald Witmondt to Robert Ramundo | 10/21/2022 | Artwit-000265 | DonaldWitmondt_24 | F, C, O, R, P, W, H |
| 142 | UNIC's Answer to Amended Complaint with Affirmative Defenses - ECF 8 | 12/8/2022 | | | F, C, O, R, P, W, H |
| 143 | Plaintiff's Initial R. 26 Disclosures. | 2/10/2023 | | | F, H |
| 144 | UNIC's Initial R. 26 Disclosures. | 2/10/2023 | | | F, C, R, P, W, H |
| 145 | UNIC's Responses to Plaintiff's 1st Interrogatories. | 3/15/2023 | | | F, C, R, P, W |
| 146 | UNIC's Responses to Plaintiff's Request for Admission. | 3/15/2023 | | | No objection |

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 147 | UNIC's Responses to Plaintiff's 1st Request for Production of Documents. | 3/15/2023 | | | F, C, R, P, W, H |
| 148 | Plaintiff's Responses to UNIC's Request for Production of Documents. | 4/13/2023 | | | F, C, R, P, W, H |
| 149 | Plaintiff's Responses to UNIC's 1st Interrogatories. | Undated | | | F, H |
| 150 | UNIC's Supplemental Responses to Plaintiff's Interrogatories, with Verification. | 5/11/2023 | | | F, C, R, P, W, H |
| 151 | National Weather Service Wind Threat Defined | 12/22/2023 | n/a | Exhibit Altschule-9 | R, P, W, H |
| 152 | Raritan Mall, LLC v. United National Insurance Company Affidavit and Certificate of Authentication of Records | 7/15/2024 | n/a | DonaldWit mondt_3 | R, P, W, H |
| 153 | Rimkus - R. Topping Photographs and Historical Aerials<br><br>Bates: Rimkus- 000287-000299, 000312-00938, 000973, 001103, 001127 - 001136, 001136 - 001146, 001169 - 001188, 001190 - 001211, 001226-001245, 001252 - 001254, 001256, 001257 - 001258, 001639 | various | | | 1103 — R, P, H. |
| 154 | Removed | | | | impossible to address "various photographs" |

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 155 | Removed | various | | | impossible to address "various photographs" |
| 156 | Removed | 9/16/2024 | n/a | | H |
| 157 | Lease Document | | UNIC_CF-0001093-001099 | | F, R, P, W, H, I, C |
| 158 | Lease Document | | UNIC_CF-001100-001105 | | F, R, P, W, H, I, C |
| 159 | Lease Document | | UNIC_CF-001106-001116 | | F, R, P, W, H, I, C |
| 160 | Lease Document | | UNIC_CF-001117-001138 | | F, R, P, W, H, I, C |
| 161 | Lease Document | | UNIC_CF-001139-001142 | | F, R, P, W, H, I, C |
| 162 | Lease Document | | UNIC_CF-001144-001145 | | F, R, P, W, H, I, C |
| 163 | Complaint - Raritan Mall, LLC v. Borough of Raritan, et al., Superior Court of New Jersey Law Division: Somerset County; Docket No. SOM-L-001172-24 | 8/30/2024 | | | F, C, O, R, P, W, H |

45

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 164 | Stipulation of Dismissal - Raritan Mall, LLC v. Borough of Raritan, et al., Superior Court of New Jersey Law Division: Somerset County; Docket No. SOM-L-001172-24 | 2/10/2025 | | | F, C, O, R, P, W, H |
| 165 | 2025 Fourth Round Housing Plan - Housing Element & Fair Share Plan, Borough of Raritan, Somerset County, New Jersey | 6/25/2025 | | | F, C, O, R, P, W, H |
| 166 | Photograph - RaritanShoppingCenter-25.jpg | n/a | | | No objection |
| 167 | photographs | n/a | Raritan Mall 00098-00113 | Casey Exhibit-14 | no objection. |
| 168 | Aerial photo - mycentraljersey.com | n/a | n/a | Casey Exhibit-15 | F, C, R, P, H |
| 169 | Email from Donald Witmondt to Lenny Dimentman | n/a | Artwit-000218-000221 | DonaldWitmondt_12 | F, C, O, R, P, W, H |
| 170 | Design Plan | n/a | Artwit-000254 | DonaldWitmondt_21 | F, C, R, P, W, H |
| 171 | UNIC Claim Notes | various | UNIC_CF-000015-000021 | IlyaLevitis_20; Wilkinson Exhibit 5 | F, C, O, R, P, W, H |
| 172 | Removed | n/a | n/a | IlyaLevitis_24 | no objection. |
| 173 | photograph | n/a | n/a | IlyaLevitis_8 | no objection. |

46

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 174 | photographs | n/a | Raritan Mall 000098-000113 | IlyaLevitis_9 | no objection. |
| 175 | Removed | n/a | | | R, P, W, H |
| 176 | Removed | n/a | | | |
| 177 | Removed | n/a | | | |
| 178 | Raritan Mall Property layout. | n/a | | | F |
| 179 | Googe Map Overview of 166 Orlando Drive Raritan NJ.pdf | n/a | | | F, C, R, P, W, H |
| 180 | Jeffrey Realty Marketing Brochure.pdf | n/a | | | F, C, R, P, W, H |
| 181 | Removed | n/a | | | R, P, W, H |
| 182 | Removed | n/a | | | R, P, W, H |
| 183 | Testimony and Deposition List for Howard Altschule | various dates | n/a | Exhibit Altschule-4 | H |
| 184 | Video file | | | Dimentman Ex. 16 | F, C, R, P, W, H |
| 186 | Photos in DisasterStruck-Levitis Production. | | DPA-00312-0000336, DPA-01468-01472 and DPA-01747. | | F, C |
| 187 | Removed | | | | |

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 188 | Email chain re roof inspection | 3/4/2021 and various dates | Raritan Mall 000070 to 000093 | | F, C, O, R, P, W, H |
| 189 | Photographs | | Raritan Mall 000098 to 000113 | | F, C, H |
| 190 | Removed | | | | |
| 191 | Amendment to Purchase and Sale Agreement with Documents regarding the Assignment of Buyer's Interest and Resolutions , crelating to same – | | Raritan Mall 000123 to 000210 | | F, C, O, R, P, W, H |
| 192 | Second Amendment to Purchase and Sale Agreement | 9/30/2020 | Raritan Mall 000230 to 000274 | | F, C, O, R, P, W, H |
| 193 | Email | 9/21/20202 | UNIC_U W-000059 | | F, C, R, P, W, H |
| 194 | Email regarding inspection | 3/22/2021 | UNIC_U W-000213 | | F, C, R, P, W, H |
| 195 | Emails regarding inspection | 3/4/2021 | UNIC_U W-000214 to 215 | | F, C, R, P, W, H |
| 196 | Email regarding inspection | 2/25/2021 | UNIC_U W-000236 | | F, C, R, P, W, H |

48

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 197 | Emails regarding inspection | 3/1/2021 | UNIC_UW-000249 to 252 | | F, C, R, P, W, H |
| 198 | Emails regarding inspection | 2/23/2021 | UNIC_UW-000253 | | F, C, R, P, W, H |
| 199 | Emails regarding inspection | 2/18/2021 | UNIC_UW-000255 to 258 | | F, C, R, P, W, H |
| 200 | Emails regarding inspection | 11/17/2020 | UNIC_UW-000285 to 286 | | F, C, R, P, W, H |
| 201 | Emails regarding inspection | 11/17/2020 | UNIC_UW-000288 to 289 | | F, C, R, P, W, H |
| 202 | Emails regarding inspection | 11/16/2020 | UNIC_UW-000291 to 293 | | F, C, R, P, W, H |
| 203 | Emails regarding inspection | 11/13/2020 | UNIC_UW-000294 to 295 | | F, C, R, P, W, H |
| 204 | Photographs taken by Alexander & Schmidt | | UNIC_UW-000322 to 332 | | F, H, C |

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 205 | Photograph Compilation – Photographs 1 through 189 in Attachment A to the December 9, 2021 Report prepared by Roger Topping, PE of Rimkus | | | | F, C, P |
| 206 | Illustrations in Attachment B to the December 9, 2021 Report prepared by Roger Topping, PE of Rimkus | | | | H, P |
| 207 | Photograph Compilation – Photographs 1 through 39 in Attachment A to the September 16, 2024 Report prepared by Roger Topping, PE of Rimkus | | | | Objection to 18-19, P, R |
| 208 | Curriculum Vitae of Roger J. Topping, P.E. | | | | H |
| 209 | Exhibit A (Shaneberger Estimate 1) – to the September 16, 2024 Expert Report of Dustin Shaneberger | | | | H |
| 210 | Exhibit B (Shaneberger Estimate 2) - – to the September 16, 2024 Expert Report of Dustin Shaneberger | | | | H |
| 211 | Figures 1, 2, 3, and 4 in the September 16, 2024 Expert Report of Gregory J. Quinn | | | | H |
| 212 | Table 1 in the September 16, 2024 Expert Report of Gregory J. Quinn | | | | H |

| Trial Ex. # | Description | Date | Bates | Other Reference Source | Plaintiff's Evidentiary Objection |
|---|---|---|---|---|---|
| 213 | Curriculum Vitae of Gregory J. Quinn | | | | H |
| 214 | Examination Under Oath Transcript of Leonid Dimentman | 12/9/2021 | | | H, P, W, R |
| 215 | D. Shaneberger Report with attachments, including Ex. A and Ex. B | 9/16/2024 | | | H |
| 216 | Report of G. Quinn with attachments | 9/16/2024 | | | H |
| 217 | Roger J. Topping Report with attachments | 12/9/2021 | | | H, O |
| 218 | Supplemental Report of Roger J. Topping with attachments | 9/16/2024 | | | H, O |
| 219 | Childress Engineering Services: Proposal for Roofing/Envelope Consulting Services at Raritan Mall | 3/22/2022 | | Tony Childress – Exhibit 4 | F, R, W, C, P |
| 220 | EBI Consulting Documents and Photographs in Response to August 1, 2024 Subpoena | Unknown at this time | | | F, R, W, C, O, P |

## VIII.  LAW

### A. Plaintiff

1. Plaintiff's statement of the legal issues in this case:

    a.  Whether application of the efficient proximate cause doctrine mandates that damage caused by wind to the roof amounts to covered damage under the policy even if the roof displayed evidence of some wear and tear;

b.   Whether the weight of rain on the roof causing damage to the roof and rainwater to penetrate the roof amounts to a covered cause of loss under the policy;

c.   Whether Plaintiff is entitled to a replacement cost valuation of its damages despite not having done repairs because Defendant's denial of coverage made it impossible for Plaintiff to make repairs;

d.   Whether Defendant's pre loss inspection of the roof identifying no roof related pre loss damage precludes Defendant from asserting the pre-existing condition of the roof as a defense to coverage.

e.   Whether Defendant should be precluded from introducing into evidence Plaintiff's post loss alleged plans to address the property.

f.   Whether Defendant should be precluded from introducing into evidence Plaintiff's acquisition of the property.

## B. Defendant

1. Defendant's statement of the legal issues in this case.

a.   Plaintiff has the burden to show that the claimed damage to the Property occurred during the October 1, 2020 to October 1, 2021 policy period.

b.   Under the Policy's Interior Damage Limitation, Plaintiff has the burden to show that the claimed interior water damage to the Property due to rain was preceded by damage to the roof caused by wind through which the rain entered.

c.   Plaintiff should be precluded from introducing into evidence any documents or testimony regarding United National's handling of the claim.

d.   Plaintiff should be precluded from introducing into evidence any documents or testimony regarding the cause of the claimed damage to the Property from any person or entity other than its designated expert on damages, Tony Childress.

e.   Plaintiff should be precluded from introducing into evidence any documents and testimony regarding the amount of damages, including any proposals and/or estimates of the cost to repair any portion of the claimed damage, from any person or entity other than its designated expert on damages, Mark Lane.

52

> f.  Plaintiff cannot recover replacement cost value because it will be demolishing the Property as part of its Redevelopment Plan and will not be completing the repairs to the claimed covered damage.

## IX.    MISCELLANEOUS

Set forth any additional stipulations of counsel and/or motions on other matters which require action of the court.

Set forth any notice required to be given under Rules 40(b), 609(b), 803(24) and 804(b)(5), Federal Rules of Evidence.

## X.    JURY TRIALS

No later than seven days prior to the scheduled trial date or at such time as the court may direct:

1. Each party shall submit to the District Judge and to opposing counsel a trial brief or memorandum with citations and authorities and arguments in support of the party's position on all issues of law. The trial brief shall be electronically filed.

2. Each party shall submit to the District Judge and to opposing counsel written requests for charges to the jury. Supplemental requests to charge that could not have been anticipated may be submitted any time prior to the arguments to the jury. All requests for charge shall be on a separate page or pages, plainly marked with the name and number of the case; shall contain citations of supporting authorities; shall designate the party submitting same; and shall be numbered in sequence.

IF you have the capability, the Proposed Requests for Charge should be submitted on computer disk, Work Perfect format. All proposed requests for charges shall be electronically filed, and a paper copy must also be provided.

3. Each party shall submit to the judge and to opposing counsel proposed voir dire questions.

**EACH OF THESE ITEMS IS TO BE FILED PRIOR TO THE FIRST TRIAL DATE EVEN IF THE CASE IS CONTINUED.**

**COUNSEL ARE ON NOTICE THAT FAILURE TO PROVIDE TIMELY COMPLIANCE WITH THE REQUESTS OF PART X AND XI MAY RESULT IN THE POSTPONEMENT OF TRIAL AND THE ASSESSMENT OF JUROR AND OTHER COSTS AND/OR THE IMPOSITION OF SANCTION.**

## CONCLUDING CERTIFICATION

We hereby certify by the affixing of our signatures to this Final Pretrial Order that it reflects the efforts of all counsel and that we have carefully and completely reviewed all parts of this Order prior to its submission to the Court. Further, it is acknowledged that amendments to this Joint Final Pretrial Order will not be permitted except where the Court determines that manifest injustice would result if the amendment is not allowed.

Attorneys for Plaintiff,
Raritan Mall, LLC:

/s/ Frank P. Winston, Esq.
Lerner, Arnold & Winston, LLP
286 Fifth Avenue, 12th Floor
New York, New York 10001
(212) 686-4655

Attorneys for Defendant, United National
Insurance Company:

/s/Charles J. Jesuit, Jr.
Cozen O'Connor
A Pennsylvania Professional Corporation
1010 Kings Highway South
(856) 910-5000

 

Entry of the foregoing Joint Final Pretrial Order is hereby APPROVED this _24th_ day of _March_, 20_26_

_____
UNITED STATES MAGISTRATE JUDGE
United States District Court
For the District of New Jersey